■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUSTO COLON, Respondent. — Order of the Supreme Court, New York County (Preminger, J.), entered July 13, 1983, granting defendant's motion to set aside a jury verdict convicting him of robbery in the first degree and attempted robbery in the first degree, and granting him a new trial, is unanimously affirmed.

Defendant was arrested for allegedly robbing two teenage girls, at knifepoint, in an elevator. The victims had described the assailant as a heavy Hispanic male, 16 to 18 years old, short — about 5-feet, 2-inches tall — heavy acne with holes in his face, kinky brown hair and a large and funny-looking nose. At the station house the next day, the victims changed their description, making the age of the assailant 20 to 28 years old. They could not identify the assailant from any mug shots. However, while being driven home from the precinct, the girls spotted defendant leaning against a fence and claimed that he was the perpetrator. Defendant, who was 40 years old, is 5 feet, 6 inches, taller than both victims, without acne (although his face had pockmarks), graying hair, heavy beard, with a normal-looking and average-size nose and noticeably long and bushy sideburns, a description substantially different from that given by the victims. Defendant was employed in a responsible position as a store manager, had a reputation for honesty, peaceableness and industry and had no police record.

This court may reverse or modify a conviction (CPL 470.15, subd 3, par. [c]), as it did in *People v Kidd* (76 AD2d 665), "[a]s a matter of discretion in the interest of justice". In language that can apply to the instant case, this court said in *Kidd* (pp 666, 668):

"There are many inconsistencies with respect to the identification and the police record that was made as to the ability of the complainant to identify the defendant at the time. The defendant, as we said, was recognized on the street * * * two days after the incident * * * The defendant's previous record is extremely minor and equivocal, if not insignificant * * * He was working on a job.

"[o]n balance we are left with a very disturbing feeling that guilt has not been satisfactorily established; that there is a grave risk that an innocent man has been convicted; and that we should therefore not let this conviction stand." (See, also, *People v Taylor,* 98 AD2d 269.)

Therefore, in the interest of justice, the decision of the Supreme Court, setting aside the jury verdict and granting a new trial, is affirmed. Concur — Kupferman, J. P., Ross, Carro, Fein and Alexander, JJ.